TAYLOR v. PULLMAN AUTOMATIC VENTILATING CO.

(Supreme Court, Appellate Term.   March 24, 1904.)

1. AGENT'S COMMISSIONS—CONTRACT—SERVICES OUTSIDE OF CONTRACT—RECOVERY—EVIDENCE.

An agent, entitled under his contract to commissions for orders for goods procured by him, cannot recover by virtue of the contract for services rendered in installing goods sold by another agent, but must show an agreement to pay a specified sum therefor, or a promise to pay the reasonable value of the services, and what the services are reasonably worth.

Appeal from City Court of New York, Trial Term.

Action by Ross Taylor against the Pullman Automatic Ventilating Company.   From a judgment for plaintiff, and from an order denying a motion for a new trial, defendant appeals.   Reversed.

Argued before FREEDMAN, P. J., and SCOTT and BLANCHARD, JJ.

Alexander & Colby, for appellant.
Maas & Goldberg, for respondent.

SCOTT, J.   This action appears to have been tried and submitted to the jury under an entire misconception of the issues presented by the pleadings.   The complaint alleged an agreement between the plaintiff and defendant whereby the defendant agreed to pay plaintiff a commission of 25 per cent. upon the sale price of all bona fide orders for ventilation procured by plaintiff, and actually paid for. This allegation correctly states the terms of the written contract between the parties.   The complaint next alleges that the plaintiff did sell, on June 23, 1902, to the New York Produce Exchange, certain ventilators at the agreed price of $5,200, one-half to be paid upon installation, and the balance six months after installation, if said equipment should be accepted; that thereafter, at the special instance and request of the defendant, the plaintiff rendered services in superintending the installation of said ventilators, the acceptance thereof by the New York Produce Exchange, and the collection from said exchange, and that about six months after the said installment the said exchange duly paid the defendant the final payment of $2,600, as agreed; that the said defendant promised and agreed to pay the plaintiff a commission upon the said payment.   Judgment is asked for $650, being 25 per cent. of $2,600, one-half of the contract price for the ventilators.   The cause was tried and submitted to the jury on the theory that the plaintiff, if entitled to recover at all, was so entitled under the written contract with defendant.   This was erroneous.   The contract provided only for commissions to be paid plaintiff for all bona fide orders by him secured and paid for.   The plaintiff's own evidence was that the sale was effected not by him, but by one Jacobson, another solicitor for defendant.   The plaintiff himself does not appear to have considered that he was entitled to commission under his contract, because he claims and sues for only 25 per cent. on one-half the contract price of the ventilators, whereas, if entitled under the contract at all, he would be entitled to 25 per

cent. upon the whole price of $5,200. There seems to be no doubt, although plaintiff did not sell the ventilators, that he did useful work on behalf of defendants in persuading the purchasers not to abrogate the contract, and in superintending the installation. For this he probably is entitled to compensation, and the fifth clause of the complaint would justify a recovery for the agreed compensation therefor, or the reasonable value thereof, if supported by adequate proof. The difficulty with the case is that the case contains no such proof. It is not shown that the defendant ever agreed to pay plaintiff any specified sum or percentage for his services, nor is there any evidence as to the value of such services. It may be that 25 per cent. of the final payment would be reasonable compensation, but there is no evidence of it, and no such question was submitted to the jury.

The judgment must be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.